1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT TACOMA

8    GCG ASSOCIATES LP, a Washington
     limited partnership,
9
                                                    CASE NO. C07-792BHS
10                  Plaintiff,
                                                    ORDER DENYING
11          v.                                      PLAINTIFF'S MOTION FOR
                                                    RECONSIDERATION
12   AMERICAN CASUALTY COMPANY
     OF READING PENNSYLVANIA, a
13   foreign insurer authorized to do business
     in Washington,
14
                    Defendant.
15

16
           This matter comes before the Court on Plaintiff's Motion for Reconsideration Re:
17
     Burden of Proof (Dkt. 65). The Court has considered the motion and the remainder of the
18
     file and hereby denies the motion for the reasons stated herein.
19
                        I. BACKGROUND AND DISCUSSION
20
           Motions for reconsideration are governed by Local Rule CR 7(h), which provides
21
     as follows:
22
               Motions for reconsideration are disfavored. The court will ordinarily deny
23             such motions in the absence of a showing of manifest error in the prior
               ruling or a showing of new facts or legal authority which could not have
24             been brought to its attention earlier with reasonable diligence.

25   Local Rule CR 7(h)(1). Plaintiff seeks reconsideration, contending that the Court's ruling

26   constitutes a manifest error. Dkt. 65.

27

28

On August 8, 2008, the Court ruled on several motions for summary judgment. Dkt. 55. Specifically, the Court declined to rule that Defendant bears the burden of proving what amount of loss or damage, if any, occurred outside of the policy periods. Dkt. 55 at 9. Plaintiff analogized to *Diamaco, Inc. v. Aetna Cas. & Sur.*, 97 Wn. App. 337 (1999), and *Overton v. Consolidated Ins. Co.*, 145 Wn.2d 417, 432 (2002). The Court summarized both cases as declining to consider exclusions as part of the inquiry into whether coverage is triggered. Dkt. 55 at 8. The Court denied Plaintiff's motion as follows:

> By asking the Court to require American Casualty to bear the burden of proof as to whether the claimed loss or damage commenced during the policy period, GCG effectively asks the Court to construe this policy provision as an exclusion. The policy contains a section devoted to exclusions and limitations; the provision regarding commencement of loss or damage during the policy period is not identified as an exclusion and is found in a separate portion of the policy altogether. GCG offers no authority for construing a portion of the policy outside of the exclusion section to constitute an exclusion. The Court is instead persuaded by the approach in *Federal Deposit Ins. Corp.*, a case decided under California law. *Federal Deposit Ins. Corp. v. New Hampshire Ins. Co.*, 953 F.2d 478 (9th Cir. 1991). There, the Ninth Circuit declined to construe a limitation as an exclusion because such an "interpretation of the agreement ignore[d] the fact that the bond contain[ed] a section that clearly label[ed] the conduct that [wa]s excluded from the policy under the heading 'Exclusions.'" *Id.* at 483. Here too, the Court declines to construe the commencement requirement as an exclusion because the policy does not identify it as such.

*Id.* at 8-9.

In contending that the Court's ruling constitutes manifest error, Plaintiff relies primarily on *Oregon Auto. Ins. Co. v. Salzberg*, 85 Wn.2d 372, (1975), and *In re Feature Realty Litig.*, 2007 U.S. Dist. LEXIS 53702 (E.D. Wash. 2007). In *Salzberg*, the Washington Supreme Court held that "public policy requires that an alleged breach of a cooperation clause may be considered substantial and material, and may effect a release of an insurer from its responsibilities only if the insurer was actually prejudiced by the insured's actions or conduct," regardless of whether the cooperation clause appears as a

condition precedent or a covenant. *Salzberg*, 85 Wn.2d at 377. *Salzberg* did not concern the type of policy provision at issue here.

Similarly, Plaintiff cites *In re Future Realty Litigation* for the proposition that "[u]nder Washington law, the burden of demonstrating non-compliance with notice and cooperation policy provisions is on the insurer." *In Re: Feature Realty Litigation*, 2007 U.S. Dist. LEXIS 53702 at *36. Plaintiff did not move for summary judgment regarding which party bears the burden of proving non-compliance with policy provisions; rather, Plaintiff moved for summary judgment as to which party bears the burden of proving the amount of loss occurring during or outside of the policy period. The Court did not commit manifest error in declining to place the burden of proof on Defendant on the grounds that the relevant policy provision is not an exclusion.

## II. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration Re: Burden of Proof (Dkt. 65) is **DENIED**.

DATED this 26th day of August, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge